| | | |
|---|---|---|
| RETURN DATE:  SEPTEMBER 22, 2020 | : | SUPERIOR COURT |
| MADYSON GREGG | : | J. D. OF ANSONIA/ MILFORD |
| V. | : | AT MILFORD |
| WAL-MART STORES, INC. | : | AUGUST 13, 2020 |

## COMPLAINT

1. At all times mentioned herein, the Defendant Wal-Mart Stores, Inc. was and continues to be, a Delaware corporation with a business address of 702 SW 8th Street, Bentonville, Arkansas which was authorized to do business in the State of Connecticut.

2. On or about August 17, 2018, and for some time prior thereto, the Defendant, Wal-Mart Stores, Inc., its officers, agents, servants and/or employees, owned, leased, rented, controlled, possessed, operated, managed and/or maintained the premises at 465 Bridgeport Avenue, Shelton, Connecticut, which was, and continues to be known as "Wal-Mart".

3. On or about August 17, 2018, the Plaintiff, Madyson Gregg, was lawfully upon the aforesaid premises in the medicine aisle when she slipped on a clear sticky substance which caused her to fall, sustaining serious, severe, painful and permanent injuries later to be particularized in this Complaint.

4. The Defendant and its agents, servants and/or employees, are liable to the Plaintiff in that it was careless and negligent in one or more of the following ways:

GANIM, GANIM & GANIM P.C.
4666 Main Street | Bridgeport, Connecticut 06606
(203) 372-7772 | Juris #021668

(a) In that a poor and dangerous condition of the premises had existed for an unreasonable period of time, yet no measures had been taken to remedy and correct the same;

(b) In that the Defendant allowed and permitted the premises where people are known to walk to be hazardous, dangerous and unsafe for use;

(c) In that the Defendant in the exercise of reasonable care and inspection should have known of this condition and should have remedied same, yet failed to do so;

(d) In that the Defendant in the exercise of reasonable care and inspection should have known that the hazardous substance existed;

(e) In that the Defendant had knowledge of the hazardous condition yet it failed to remedy same;

(f) In that the Defendant failed and neglected to protect the Plaintiff of the hazardous conditions existing on the premises;

(g) In that the Defendant failed to remedy the condition of the premises;

(h) in that the Defendant failed to provide warning signs to alert patrons, including the Plaintiff, of the existence of the sticky substance on the premises when it knew or should have known that it was unreasonable not to do so;

(i) in that the Defendant failed to properly inspect the said premises, when it knew or should have known that it was unreasonable not to do so;

(j) in that the Defendant failed to cordon or rope off the dangerous condition so as to prevent the patrons, including the Plaintiff from walking on same; and,

(k) in that the Defendant failed, as alleged above, to exercise reasonable care under the circumstances then and there existing.

GANIM, GANIM & GANIM P.C.
4666 Main Street | Bridgeport, Connecticut 06606
(203) 372-7772 | Juris #021668

5.  As a further result of the carelessness and negligence of the Defendant, Wal-Mart Stores, Inc., the Plaintiff suffered and continues to suffer the following serious, severe, painful and permanent injuries to wit:

   a. Right ankle injury and pain;
   b. Right ankle sprain;
   c. Emotional and physical pain and suffering; and,
   d. Shock and stress to her entire nervous system.

6.  As a further direct result of the carelessness and negligence of the Defendant, Wal-Mart Stores, Inc. the Plaintiff, Madyson Gregg, has and will be forced to undergo continuous medical treatment and care for the injuries she sustained and has and will be further forced to incur significant medical expenses in connection with the same.

7.  As a further direct result of the carelessness and negligence of the Defendant, Wal-Mart Stores, Inc., the Plaintiff, Madyson Gregg, has and will be forced to consume various medications, undergo various tests, x-rays and treatment for the injuries she sustained and has and will be further forced to incur significant bills and expenses in connection with the same.

8.  As a further direct result of the carelessness and negligence of the Defendant, Wal-Mart Stores, Inc. the Plaintiff, Madyson Gregg, has decreased mobility and flexibility and is limited in movements.

9. As a further direct result of the carelessness and negligence of the Defendant, Wal-Mart Stores, Inc., the Plaintiff, Madyson Gregg, no longer enjoys the full benefits of life and the many activities life has to offer.

10. As a further direct result of the aforesaid carelessness and negligence of the Defendant, the Plaintiff, Madyson Gregg, who was gainfully employed on the date of said collision, was disabled and incapacitated from pursuing her usual or any employment for a period of time, and thereby had been caused to suffer the loss of sums of money, and the Plaintiff's injuries have impaired and may continue to impair her future working and earnings capacity.

GANIM, GANIM & GANIM P.C.
4666 Main Street | Bridgeport, Connecticut 06606
(203) 372-7772 | Juris #021668

**WHEREFORE**, the Plaintiff claims damages within the jurisdictional limits of the Superior Court.

                                        The Plaintiff Madyson Gregg

By _____
Thomas G. Ganim, Esquire
Ganim, Ganim & Ganim, P.C.
4666 Main Street
Bridgeport, Connecticut 06606
Telephone: (203) 372-7772
Facsimile: (203) 374-7199
Juris No.: 021668

GANIM, GANIM & GANIM P.C.
4666 Main Street | Bridgeport, Connecticut 06606
(203) 372-7772 | Juris #021668

| | | |
|---|---|---|
| RETURN DATE: SEPTEMBER 22, 2020 | : | SUPERIOR COURT |
| MADYSON GREGG | : | J. D. OF ANSONIA/ MILFORD |
| V. | : | AT MILFORD |
| WAL-MART STORES, INC. | : | AUGUST 13, 2020 |

## STATEMENT OF AMOUNT IN DEMAND

The amount, legal interest or property in demand is greater than FIFTEEN THOUSAND ($15,000.00) DOLLARS, exclusive of costs and interest.

The Plaintiff Madyson Gregg

By: _____
Thomas G. Ganim, Esquire
Ganim, Ganim & Ganim, P.C.
4666 Main Street
Bridgeport, Connecticut 06606
Telephone: (203) 372-7772
Facsimile: (203) 374-7199
Juris No. 021668

GANIM, GANIM & GANIM P.C.
4666 Main Street | Bridgeport, Connecticut 06606
(203) 372-7772 | Juris #021668

6